```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF ALABAMA
                          SOUTHERN DIVISION
```

JASON TODD YOUNG,                    *
                                     *
     Plaintiff,                      *
                                     *
vs.                                  *  CIVIL ACTION NO. 19-01102-TFM-B
                                     *
GEORGE BUSH, JR., *et al.*,          *
                                     *
     Defendants.                     *


## REPORT AND RECOMMENDATION

Plaintiff Jason Todd Young, who is proceeding *pro se*, filed a complaint and a motion to proceed without prepayment of fees. (Docs. 1, 2).  At the Court's directive,[1] Young filed an amended complaint (Doc. 12); thus, it is the operative pleading.  This matter is now before the undersigned Magistrate Judge for review pursuant to 28 U.S.C. § 636(b)(1).  (Doc. 5).  Because Young is proceeding *in forma pauperis*, the Court has screened his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]  See Taliaferro

---

[1] In an order dated January 7, 2020, the Court observed that Young's original complaint was deficient and directed him to refile his complaint.  (Doc. 9).

[2] Section 1915(e)(2) provides:

    (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

    (A) the allegation of poverty is untrue; or

    (B) the action or appeal—

v. United States, 677 F. App'x 536, 537 (11th Cir. 2017) (per curiam) ("[U]nder § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike."), cert. denied, 138 S. Ct. 338 (2017). Upon consideration, it is recommended that this action be **DISMISSED with prejudice** as frivolous and for failure to state a claim on which relief may be granted.

I.   **BACKGROUND**.

Young initiated this action on December 17, 2019 by filing a handwritten complaint and a motion to proceed without prepayment of fees. (Docs. 1, 2). Young's original complaint consisted of short, disjointed, and nonsensical assertions against former President "George Bush Jr.," other members of the Bush family, and members of Young's own family. (See Doc. 1 at 4-5). In the complaint, Young alluded to some sort of conspiracy involving his inheritance, Exxon Mobil Corporation, and "federel [sic] narcotics." (See id. at 5). After filing his complaint, Young filed additional, equally nonsensical documents, including one

---

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

2

document comprising 168 pages of undecipherable rambling. (See Docs. 3, 4, 7, 8). In an order dated January 7, 2020, the undersigned noted that Young's complaint violated Rules 8 and 10 of the Federal Rules of Civil Procedure because it was rambling, unintelligible, did not appear to present a cognizable legal theory, and did not provide fair notice of what Young was alleging or of which claims were being alleged against which Defendants. (Doc. 9 at 2-5). Accordingly, the undersigned ordered Young to file an amended complaint. (Id. at 5). Young was directed that in amending his complaint, he was to specify the conduct for which each Defendant was allegedly responsible and to clarify which cause or causes of action he was asserting against each Defendant. (Id.). The Court further ordered Young to set forth his claims in numbered paragraphs and to limit his amended complaint to twenty pages. (Id.). Young was cautioned that failure to timely comply with the Court's order by correcting the deficiencies in his complaint would result in a recommendation that this action be dismissed. (Id.). The undersigned also ordered Young to refrain from filing any other documents with the Court until his IFP motion had been resolved and his amended complaint had been screened. (Id.).

On January 9, 2020, Young filed a handwritten, untitled document, which the Court is treating as his amended complaint. (Doc. 12). On various pages of the amended complaint, Young does

not write in complete sentences but instead lists individual words, names, places, or phrases in vertical columns, without any apparent rhyme or reason.³ (See id. at 2, 4, 6). The remainder of Young's allegations, which are not set forth in numbered paragraphs as ordered by the Court, are rambling, nonsensical, and clearly delusional. For instance, Young asserts that U.S. Marshals came to him and told him about his "majority corporate ownership of Exxon Mobil" and told him that his father was George Herbert Walker Bush. (Id. at 3). Young further alleges that George H.W. Bush was "a exspiditor" [sic] for the government and "got mother pregnant in 1974", that although his mother raised him, George H.W. Bush "kept in touch with the Young family" over the years, and that George H.W. Bush made members of the Young family, including Young himself, federal agents of some sort.⁴ (Id.). He alleges that various actions were taken to steal ownership of Exxon

---

³ For example, on page 4 of his amended complaint, Young provides a list of names, places, and phrases that includes "Lucky Luchiano" and "Donald trump" and states: "Judge these are Agents that are employed or are on my payroll and they are involved with corporate thief george has trapped them on violations to keep them quite im gonna need most of these marchars to takeover corporation." (Doc. 12 at 4) (spelling and grammar errors in original).

⁴ Young alleges that "he made Fred Young a exspiditor[.] . . . John Young was made a exspeditor by my father [and] Clyde Young was a transmis[s]ion operator for narcotics[.]" (Doc. 12 at 3). He further alleges: "My father George He[r]bert Walker Bush had trained me for twenty years to take on posi[t]ion with Atternal [sic] Affairs and he is the one who made me Number One Informant in United States Head of task force to train me to be a transmis[s]ions operator[.]" (Id.).

4

Mobil Corporation away from him. (Id.).

**II. DISCUSSION.**

    **A. *Pro Se* Litigation.**

When considering a *pro se* litigant's allegations, the Court is mindful that it must give them a liberal construction, holding them to a more lenient standard than those drafted by an attorney. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, even in the case of *pro se* litigants, the Court does not have "license to . . . rewrite an otherwise deficient pleading in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. 662 (2009). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

    **B. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Young is proceeding *in forma pauperis*, the Court has reviewed his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), a court shall dismiss a case by a plaintiff proceeding *in forma pauperis* at any time if it determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii)

5

seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A case is frivolous under § 1915(e) "when it appears the plaintiff has 'little or no chance of success.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (citation omitted). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when the complaint's legal theories are "indisputably meritless" or its factual contentions are "clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Examples of claims whose factual contentions are clearly baseless include those that describe "fantastic or delusional scenarios[.]" Id. at 328; see Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. An *in forma pauperis* complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely."). Separate from the court's authority to dismiss for failure to state a claim, the power to dismiss a claim as frivolous provides courts with "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke, 490

U.S. at 327). Thus, under this standard, "wildly implausible allegations in the complaint should not be taken to be true[.]" Id.

In addition, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim under § 1915(e) are governed by the same standard as Rule 12(b)(6). Id. In deciding whether to dismiss a case for failure to state a claim, the court must determine whether the complaint contains sufficient factual matter to state a claim to relief that is plausible on its face. Iqbal, 556 U.S. at 678. The court must accept a plaintiff's well-pleaded factual allegations as true; however, the court is not required to accept a plaintiff's legal conclusions. Id.

### C. Analysis.

The allegations in Young's amended complaint are the archetypal "fantastic or delusional scenarios" that merit dismissal as factually frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). See Nietzke, 490 U.S. at 328. As noted *supra*, Young claims that George H.W. Bush impregnated his mother in 1974 while working as an "exspiditor" for the government and is Young's father; that George H.W. Bush kept in touch with the Young family

7

and made members of that family, including Young himself, government agents; and that George H.W. Bush made Young the "Number One Informant" in the United States, trained him for twenty years to "take on posi[t]ion with Atternal [sic] Affairs[,]" and planned for Young to work at NASA and "take over his corporation" as CEO of Exxon Mobil. Young also claims that the senior Bush "gave" Young a "majority ownership" in Exxon Mobil, and that U.S. Marshals came to him to inform him of his majority stake in the company. Young alleges that multiple individuals, including "George Bush Jr." and Jenna Bush, various members of the Young family, and "Lefty Luciana out of New York[,]" have conspired to steal his majority ownership in the company. Young also expresses his belief that "they" illegally "collected [his] career settlement[,]" to which he is presumably entitled based on decades of work as a government agent at the behest of his "father." Young further asserts that unidentified agents are trying to murder and/or incarcerate him, and he insinuates that agents have kidnapped his mother. Finally, he vaguely alleges that the conspirators are trying to bribe court staff to cover up their crimes.

These claims are not only fanciful, fantastic, and irrational, they "reflect the thoughts of a paranoid and/or delusional individual." See Taylor v. Wardworth, 2007 U.S. Dist. LEXIS 32534, 2007 WL 1266363, at *2 (M.D. Ala. Apr. 30, 2007) (finding plaintiff's allegations that neighbors and police were

8

stalking and harassing him, sending out bad vibes and spirits designed to get him in trouble, and threatening to kill him unless he left town to "rise to the level of the irrational" and to "present a fantastic and delusional scenario"); Jordan v. Cent. Intelligence Agency, 2018 U.S. Dist. LEXIS 225601, at *3-4, 2018 WL 8141048, at *1-2 (M.D. Ga. Dec. 5, 2018) (dismissing complaint with prejudice as factually frivolous when plaintiff alleged that the CIA was his employer and owed him $1 million for failure to pay a debt); Wardlaw v. Adams, 2019 U.S. Dist. LEXIS 128954, at *6-7, 2019 WL 3521936, at *3 (S.D. Ga. June 6, 2019) (finding prisoner's allegations "alluding to a shadowy government conspiracy," "including officers placing swastika designs on prison cameras and threatening CIA retaliation," to be "irrational and delusional" and "fantastical on their face"), report and recommendation adopted, 2019 U.S. Dist. LEXIS 128623, 2019 WL 3504246 (S.D. Ga. Aug. 1, 2019), appeal dismissed sub nom. Wardlaw v. Cent. SP Warden, 2019 WL 6119484 (11th Cir. Oct. 7, 2019).

In addition to being factually frivolous, Young's amended complaint fails to state a claim on which relief may be granted. As the Court previously warned Young, Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim" showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Moreover, a complaint must give each defendant "adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir. 2015).

Young's amended complaint, although it contains no shortage vague, conclusory, and fantastical assertions, does not include sufficient factual matter, accepted as true, to permit the Court to reasonably infer what his specific legal claim or claims for relief are, or against which Defendants they are alleged. See Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) (noting that in conspiracy actions, "a complaint will be dismissed as insufficient where the allegations are vague and conclusory"). Inasmuch as Young seeks to raise a conspiracy claim, he does not present sufficient factual information to provide an adequate basis for believing a conspiracy existed. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam). Moreover, it is far from clear who the Defendants are; indeed, Young's amended complaint lists dozens of names of persons both living and dead, often without any elaboration. Young's amended complaint is, at best, a shotgun pleading. It ignores the Court's specific directives, set forth in the January 7, 2020 order, to state his claims in separate numbered paragraphs, to specify the

conduct for which each Defendant is allegedly responsible, and to clarify which causes of action he is asserting against each Defendant. (See Doc. 9 at 5). In sum, the Court can ascertain no sufficient underlying factual basis nor any plausible claim for relief from Young's amended pleading, which, like his original complaint, seems to be premised on baseless accusations and far-fetched conspiracy plots.

Dismissal of a case with prejudice under 28 U.S.C. § 1915 is "an extreme sanction to be exercised only in appropriate cases." Camp v. Oliver, 798 F.2d 434, 438 (11th Cir. 1986). However, district courts have the inherent power to dismiss frivolous suits *sua sponte* under § 1915(e)(2)(B). See Brennan v. Aldazabal, 772 F. App'x 852, 852-53 (11th Cir. 2019) (per curiam) (affirming dismissal with prejudice under § 1915(e)(2)(B) because "it was reasonable for the district court to conclude the instant complaint was frivolous"); Broner v. Washington Mut. Bank, FA, 258 F. App'x 254, 255-56 (11th Cir. 2007) (per curiam) (affirming dismissal with prejudice pursuant to § 1915 because the complaint "failed to allege any facts that, if proven, would state a claim on which relief could be granted"); Davis v. Kvalheim, 261 F. App'x 231, 235 (11th Cir. 2008) (per curiam) (affirming *sua sponte* dismissal with prejudice of case as frivolous where defendant's allegations "were clearly baseless and without arguable merit in fact" and he was "employing the legal system as a tool to intimidate and heckle

those he imagines have done him wrong").

Dismissal with prejudice is richly warranted in this case because Young's allegations are clearly baseless, fanciful, and the product of a paranoid and irrational mind. See Bey v. Sec'y, US State Dep't, 2018 U.S. Dist. LEXIS 107012, at *5-6, 2018 WL 3135153, at *3 (M.D. Fla. June 27, 2018); Kvalheim, 261 F. App'x at 235; Jordan, 2018 U.S. Dist. LEXIS 225601, at *4, 2018 WL 8141048, at *2. The Court has already granted Young leave to amend once in this proceeding, with explicit instructions as to how Young was to correct the deficiencies in his original pleading. Young disregarded the Court's instructions and failed to correct those deficiencies in his amended complaint. More importantly, Young's amended complaint conclusively demonstrates the factual frivolousness of his claims. Permitting leave to amend or re-file would only serve to indulge Young's fantasies and further his (already significant) waste of this Court's scarce resources. Thus, the undersigned recommends that this case be dismissed with prejudice.

### III. CONCLUSION.

For the foregoing reasons, it is recommended that this action be **DISMISSED with prejudice** prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B), because Young's amended complaint is frivolous and fails to state a claim on which relief may be granted.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **12th** day of **January, 2021.**

                                        **/s/ SONJA F. BIVINS**
                                   **UNITED STATES MAGISTRATE JUDGE**